http://www.va.gov/vetapp16/Files2/1617302.txt

Citation Nr: 1617302 
Decision Date: 04/29/16 Archive Date: 05/04/16

DOCKET NO. 10-19 554 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Denver, Colorado

THE ISSUE

Entitlement to service connection for erectile dysfunction, to include as secondary to service-connected diabetes mellitus, type II (diabetes).

REPRESENTATION

Veteran represented by: Colorado Division of Veterans Affairs

WITNESS AT HEARING ON APPEAL

The Veteran

ATTORNEY FOR THE BOARD

Tracie N. Wesner, Associate Counsel

INTRODUCTION

The Veteran served on active duty from July 1968 to May 1972 with service in the Republic of Vietnam.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a June 2009 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Denver, Colorado. In June 2015, the Veteran testified before the undersigned during a videoconference hearing. A transcript of the hearing is of record. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.

REMAND

The Veteran seeks service connection for erectile dysfunction, which he argues is secondary to his service-connected diabetes. This matter was remanded in July 2015 for additional development. He was provided with a VA examination in connection with his claim in September 2015, and an addendum opinion was obtained in December 2015. 

The Board finds the opinions stated in the September 2015 VA examination report and the December 2015 addendum to be inadequate because they failed to address relevant evidence of record. The September 2015 VA examiner stated that the Veteran's erectile dysfunction was not related to his diabetes because it began in 1985, many years before his 2002 diagnosis of diabetes. The Board notes that although that the Veteran originally stated during a March 2009 VA examination that his erectile dysfunction began fifteen to twenty years prior, he has since clarified that his erectile dysfunction began around the time he was diagnosed with diabetes. See July 2009 Notice of Disagreement; see also May 2010 VA Form 9; June 2015 Hearing Tr. at 4. The examiner did not address this lay testimony of the Veteran. 
Additionally, the VA examiner failed to address the Veteran's diagnosed lumbar spine degenerative arthritis, for which he is also service-connected, as a potential cause of his erectile dysfunction. In an October 2001 rating decision, the RO noted that the Veteran had been found to have bilateral spondylosis and mid disc space narrowing at L2-3 with osteophytes and spondylitic changes at L2-3. The rating decision further noted that during a June 2001 VA examination, the Veteran was diagnosed with lumbosacral spine, moderate degenerative changes seen on x-ray compatible with osteoarthritis. The October 2001 rating decision specifically noted that degenerative changes are part of the natural progression of chronic low back strain and are therefore considered part of his service-connected disability. The examiner providing the December 2015 addendum VA medical opinion noted that some lumbar conditions can cause nerve impingement resulting in erectile dysfunction, but stated that the Veteran is diagnosed with lumbosacral strain, which does not cause nerve impingement. The VA examiner did not, however, address the Veteran's diagnosed lumbar spine degenerative arthritis. Accordingly, an addendum VA medical opinion should be obtained addressing the outstanding questions concerning the etiology of the Veteran's diagnosed erectile dysfunction. See Stefl v. Nicholson, 21 Vet. App. 120, 123-24 (2007); see also Barr v. Nicholson, 21 Vet. App. 303, 312 (2007); Stegall v. West, 11 Vet. App. 268 (1998).

On remand, any previously unobtained ongoing relevant medical records should be procured and associated with the Veteran's claims file.

Accordingly, the case is REMANDED for the following action:

1. Obtain all outstanding VA treatment records.
 
2. Then obtain an addendum medical opinion addressing the etiology of the Veteran's erectile dysfunction. The Veteran does not need to be examined, unless the examiner determines otherwise. The examiner is requested to review the claims file in its entirety including any recently obtained treatment records.

The examiner also should provide an opinion as to whether it is at least as likely as not (i.e., at least a 50 percent probability) that the current erectile dysfunction was (1) caused or (2) aggravated (permanently worsened beyond natural progression) by the Veteran's service-connected disabilities, to include his service-connected lumbar spine arthritis and/or diabetes or any medication taken for these disabilities. 

In reaching his or her conclusion, the VA examiner should specifically consider and address the December 2015 VA examiner's opinion that lumbar disorders can cause erectile dysfunction, as well as the Veteran's diagnosis of lumbar spine degenerative arthritis. See January 2001 - September 2001 VA Medical Records; see also June 2001 VA Examination Report; October 2001 Rating Decision.

The examiner should also consider the Veteran's reports that his erectile dysfunction symptoms began around the time he was diagnosed with diabetes. See July 2009 Notice of Disagreement; see also May 2010 VA Form 9; June 2015 Hearing Tr. at 4. If the examiner rejects the Veteran's reports of symptomatology, a reason for doing so should be provided. 

If the examiner is unable to provide an opinion without resort to speculation, an explanation as to why this is so should be provided and any additional evidence that would be necessary before an opinion could be rendered should be identified.

3. Then readjudicate the issue on appeal. If the benefit sought on appeal remains denied, furnish the Veteran and his representative with a Supplemental Statement of the Case and afford them the opportunity to respond before the file is returned to the Board for further consideration.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
S. BUSH
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).